UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OMARI TAYLOR,

                Plaintiff,

   v.

JON VANGESEN and KITSAP
COUNTY,

                Defendants.

CASE NO. C18-5682 BHS

ORDER DENYING
DEFENDANT'S MOTION TO
DISMISS

This matter comes before the Court on Defendant Jon VanGesen's ("VanGesen")

motion to dismiss. Dkt. 37. The Court has considered the pleadings filed in support of

and in opposition to the motion and the remainder of the file and hereby denies the

motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 20, 2018, Taylor filed a complaint against VanGesen and Defendant

Kitsap County ("Kitsap County"). Dkt. 1. Against VanGesen, Taylor alleged deprivation

of his right to equal protection under the Fourteenth Amendment, deprivation of his right

to be free from unreasonable search and seizure under the Fourth Amendment, and

deprivation of his right to free speech under the First Amendment, all pursuant to 42 U.S.C. § 1983. Dkt. 1, ⁋⁋ 124–26. Against Kitsap County, Taylor alleged a violation of Washington's Criminal Records Privacy Act, RCW Chapter 10.97. *Id.* ⁋ 127. On January 9, 2019, the Court entered the parties' stipulated dismissal of the Washington Criminal Records Privacy Act claim. Dkt. 14.

On May 24, 2019, VanGesen filed a motion to dismiss. Dkt. 19. On October 8, 2019, finding VanGesen had not established an entitlement to qualified immunity on any of Taylor's claims, the Court denied the motion as to Taylor's First and Fourth Amendment claims and granted to motion with leave to amend as to Taylor's Fourteenth Amendment claim. Dkt. 31.

On October 18, 2019, Taylor filed an amended complaint. Dkt. 33. On November 11, 2019, VanGesen filed a motion to dismiss. Dkt. 37. On December 2, 2019, Taylor responded. Dkt. 38. On December 6, 2019, VanGesen replied. Dkt. 39.

## II.   FACTUAL BACKGROUND

Taylor's complaint alleges a thorough factual picture of the incident at the heart of this case, which is set out in detail in the Court's October 8th Order. Dkt. 31 at 2–6. The Court summarizes the facts relevant to the instant motion.

Taylor is an African-American man who resides in King County, Washington. Dkt. 33, ⁋ 1. VanGesen is a white man who resides in King County and who is employed by the Kitsap County Sheriff's Department as a deputy sheriff. *Id.* ⁋ 2.

Taylor alleges that just before 7 p.m. on September 13, 2015, he was driving northbound to visit a friend in Port Orchard, Washington. *Id.* ⁋⁋ 6–7, 9, 40. A small piece

of Taylor's passenger side taillight cover was missing. *Id.* ¶ 22. Taylor was going to visit Heather Sinn ("Sinn"), a white woman. *Id.* ¶ 64. Sinn was not aware of any African-American people living on her street or within a few blocks of her home. *Id.* ¶ 65. African Americans make up approximately 3.1 percent of the Kitsap County population. *Id.* ¶ 66.

VanGesen, driving an unmarked Sheriff's Office vehicle, passed Taylor going southbound and looked directly at Taylor. *Id.* ¶¶ 7, 9, 12–13. VanGesen made a u turn and followed Taylor. *Id.* ¶ 33. Taylor arrived at Sinn's home and parked in the driveway. *Id.* ¶¶ 37–40. Taylor alleges that VanGesen then activated his emergency lights, parked behind Taylor, and got out of his vehicle, at this time first discovering that the taillight cover had a small piece missing. *Id.* ¶¶ 45–48. Taylor alleges that VanGesen could not have seen the missing piece prior to this point because: (1) the missing piece was sufficiently small that it was only visible from a distance of 20 feet, (2) the cars passed each other travelling approximately 30 to 35 mph such that one second after they passed they would have been 88 feet apart, and (3) Taylor did nothing to activate the taillight as VanGesen passed him (such as brake or signal a turn). *Id.* ¶¶ 24–34.

While VanGesen told Taylor he had stopped Taylor due to the broken taillight, Taylor alleges VanGesen in fact targeted Taylor because of his race and cited the taillight as retroactive justification for the stop. *Id.* ¶ 55–56. During the stop, VanGesen consulted the address on Taylor's driver's license and asked Taylor what he was doing in Port Orchard since he did not live there. *Id.* ¶¶ 69–71. Taylor alleges VanGesen would not have targeted a white motorist under these circumstances. *Id.* ¶ 146.

Taylor's counsel requested all motor vehicle equipment citations issued by Kitsap County Sheriff's Office between January 1 and September 30, 2015. *Id.* ¶ 148. After reviewing 31 citations with legible signatures and 3 without legible signatures, counsel identified two issued by VanGesen, both for defective taillights. *Id.* ¶¶ 129–131. One was issued to Taylor, and the other was issued to Sean Martin, a white man. *Id.* ¶ 130. Nine total citations for taillight infractions were issued during the period, eight citations to white drivers and one to Taylor. *Id.* ¶ 136. Taylor was the only driver issued a citation for a taillight infraction during daylight hours. *Id.* ¶ 140. Taylor further alleges that "Kitsap County records demonstrate that there were similarly situated white drivers who were driving with a defective tail light in Kitsap County." *Id.* ¶ 142.

## III. DISCUSSION

### A. Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.      Merits**

To state a claim under 42 U.S.C. §1983, a plaintiff must allege a violation of constitutional or federal statutory rights proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1421 (9th Cir. 1991). The parties do not dispute that VanGesen acted under color of state law. VanGesen argues the Court should dismiss Taylor's Fourteenth Amendment claim for failure to articulate "any deprivation of a federal right." Dkt. 37 at 7.

A plaintiff bringing an equal protection claim must show intentional discrimination based upon the plaintiff's membership in a protected class. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). "To prevail on an equal protection claim under the 'Fourteenth Amendment, a plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose.'" *Lacey v. Maricopa Cty.*, 693 F.3d 896, 920 (9th Cir. 2012) (quoting *Rosenbaum v. City & Cty. of S.F.*, 484 F.3d 1142, 1152 (9th Cir. 2007)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994). "In order to prove a discriminatory effect, 'the claimant must show that similarly situated individuals . . . were not prosecuted.'" *Lacey*, 693 F.3d at 920 (quoting *United States v. Armstrong*, 517 U.S. 456, 465 (1996)). While the standard for proving discriminatory effect is demanding, "to state a claim, [the plaintiff] need only allege some facts, either anecdotal or statistical, demonstrating 'that similarly situated defendants . . . could have been prosecuted, but were not.'" *Id.* (quoting *Armstrong*, 517 U.S. at 469).

Regarding intent, Taylor has plausibly alleged that the stop was motivated at least in part by his race because Taylor has plausibly alleged his broken taillight was not visible prior to the stop, Taylor did not apply his turn signal or brake, Taylor was a black driver in an area with a very small black population, VanGesen observed that Taylor was black prior to stopping him, and VanGesen asked Taylor what he was doing in Port Orchard since he did not live there. Contrary to VanGesen's argument, *Marshall v. City of Chicago*, No. 90 C 3995, 1991 WL 78181 (N.D. Ill. May 6, 1991) does not stand for the proposition that racial slurs or infliction of violence are required to plead discriminatory intent. Dkt. 39 at 2–3.

Regarding effect, Taylor alleges that Kitsap County records demonstrate that similarly situated white drivers were driving with broken taillights during the daylight hours (when broken taillights are difficult to detect) who were not stopped and VanGesen would not have targeted a white motorist under these circumstances. Dkt. 33, ¶¶ 141–144, 146. VanGesen argues in essence that because the Kitsap County records cited in the complaint show that eight of the nine drivers who received citations for defective taillights were white and show that the one other citation VanGesen issued during the time period was to a white driver, Taylor's claim fails because he has failed to provide statistical evidence that would support an inference of discriminatory intent. Dkt. 39 at 5. Even if VanGesen is correct that the records described in the complaint would not support a finding of discriminatory intent, it is plausible as alleged that similarly situated white drivers with broken taillights were driving in Kitsap County whom VanGesen would not have stopped. Taylor thus alleges he has suffered discriminatory effect, being

stopped when others were not, based at least in part on discriminatory intent, his race.

Therefore, Taylor has plausibly alleged facts to support the elements of an equal

protection claim, and the Court denies the motion to dismiss.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that VanGesen's motion to dismiss, Dkt. 37, is

**DENIED**.

Dated this 19th day of February, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge