UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OMARI TAYLOR, | CASE NO. C18-5682 BHS |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND |
| v. | |
| JON VANGESEN, KITSAP COUNTY, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Omari Taylor's ("Taylor") motion for leave to amend. Dkt. 47. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.   FACTUAL AND PROCEDURAL HISTORY

This action arises out of a traffic stop between Taylor, an African American man, and Defendant Jon VanGesen ("VanGensen"), a white Kitsap County deputy sheriff. Dkt. 33. Taylor alleges that VanGesen's decision to stop and detain him for an alleged tail light infraction was motivated by race discrimination and deprived him of his constitutional rights. *Id.* ¶¶ 145, 172–74.

ORDER - 1

The Court set a deadline for amended pleadings to be filed by December 2, 2019. Dkt. 35. Taylor deposed VanGesen on June 11, 2020. Dkt. 47 at 4. However, Taylor sought to depose VanGesen as early as September 2019, Dkt. 48, ¶5, but the parties agreed to wait until after the Court ruled on the pending motion to dismiss to schedule the deposition, *id.* ¶ 6. After the Court denied the motion to dismiss on February 19, 2020, Dkt. 40, the parties agreed to a deposition date of April 9, 2020, Dkt. 48, ¶ 6. The deposition had to be rescheduled to June 11, 2020 via video conference because of the evolving circumstances of the COVID-19 pandemic. *Id.* ¶¶ 7, 8.

Following his deposition of VanGesen, Taylor states that he first learned of facts giving rise of an additional claim for an unlawful frisk under the Fourth Amendment. Dkt. 47 at 4. On July 28, 2020, Taylor filed a motion for leave to file a second amended complaint. Dkt. 47. On August 10, 2020, VanGesen responded. Dkt. 52. On August 14, 2020, Taylor replied. Dkt. 55.

## II.   DISCUSSION

**A.   Rule 16**

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v.*

1  *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If [the moving] party
2  was not diligent, the inquiry should end." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*,
3  871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson*, 975 F.2d at 609).
4        The parties dispute whether Taylor has good cause to justify the amendment.
5  Taylor argues that he has been diligent in seeking VanGesen's deposition since
6  September 2019 and that, prior to the deposition, he was unaware of the facts that could
7  give rise to an unlawful frisk cause of action. Dkt. 47 at 4–6. Specifically, Taylor
8  indicates that the only fact that was known to him about the frisk prior to VanGesen's
9  deposition was a report stating that VanGesen had a reasonable suspicion to perform the
10 frisk. *Id.* at 5. However, following the June 11 deposition, Taylor asserts that he first
11 learned that VanGesen may not have had the required reasonable suspicion for a
12 constitutional frisk. *See id.* at 5–6. VanGesen, on the other hand, argues that Taylor
13 learned no new facts at the June 11 deposition about the frisk and therefore Taylor does
14 not have good cause to justify an amendment. Dkt. 52 at 6–7. The Court finds, however,
15 that new facts about the frisk and VanGesen's subjective reasonable suspicion were
16 learned at the deposition. Additionally, while circumstances outside the control of the
17 parties delayed the deposition until after the pleading deadline, Taylor remained diligent
18 is pursuing VanGesen's deposition and learning the facts. Therefore, because Taylor was
19 diligent and new facts were learned in the deposition, the Court finds that Taylor has
20 good cause to amend his complaint. Thus, Rule 16 is satisfied, and the Court turns to
21 Rule 15 analysis.
22

**B.    Rule 15**

If a court finds good cause for leave to amend under Rule 16(a), the court next considers pursuant to Rule 15 whether the amendment shows or would create "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir 1990).

VanGesen asserts that the amendment would be futile and would prejudice him. Dkt. 52 at 8–9. He first argues that amendment would be futile because "the claim [Taylor] seeks to add is readily subject to dismissal." *Id.* at 8. A court may deny leave to amend "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rukoff-Sexton, Inc.*, 845 F.2d 2019, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, VanGesen has failed to show that Taylor's amendment would be futile. Next, VanGesen argues that the amendment would prejudice him "by causing the additional expenditure of resources in attorney services in briefing and seeking dismissal" and because the proposed new claim "opens a host of new issues to combat at trial." Dkt. 52 at 8–9. The Court agrees with Taylor that the proposed amendment would not prejudice VanGesen; indeed, there are no

new fact witnesses who can testify to the new Fourth Amendment issue. The new claim set forth in the amendment does not greatly alter the nature of the litigation and does not appear to require VanGesen to undertake an entirely new course of defense.

Considering the evidence and testimony brought forth by Taylor, the Court is not persuaded that VanGesen would be substantially prejudiced by amendment to include the additional Fourth Amendment claim or that delay is sufficiently egregious to deny amendment. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953–54 (9th Cir. 2006). If in light of the Court's granting this motion VanGesen finds that he requires additional discovery to fairly present his case and prepare for trial, the Court would consider a motion for a continuance.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Taylor's motion for leave to amend, Dkt. 47, is **GRANTED**.

Dated this 24th day of September, 2020.

BENJAMIN H. SETTLE
United States District Judge