UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OMARI TAYLOR,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JON VANGESEN, KITSAP COUNTY,<br><br>　　　　　　　Defendants. | CASE NO. C18-5682 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE JEFFREY C. PAYNTER AS EXPERT WITNESS |

This matter comes before the Court on Plaintiff Omari Taylor's ("Taylor") motion to strike Jeffrey C. Paynter ("Paynter") as an expert witness. Dkt. 49. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

On July 24, 2020, Defendant Jon VanGesen ("VanGesen") filed his Disclosure of Expert Witness Testimony ("Disclosure") in which he indicates that Paynter intends to testify as an expert witness.[1] Dkt. 46. On July 28, 2020, Taylor filed a motion to strike

---

[1] VanGesen also indicated that Deputy Jonathan Meador may be used as an expert witness in the Disclosure. Dkt. 46. However, VanGesen concedes that he does not intend to call Deputy Meador as a witness. Dkt. 51 at 1 n.1.

ORDER - 1

Paynter as an expert witness, or in the alternative requiring Rule 26(a)(2)(B) written reports, allowing Taylor time to depose Paynter, and extending the discovery cutoff and rebuttal witness disclosure date. Dkt. 49. On August 10, 2020, VanGesen responded. Dkt. 51. On August 11, 2020, Taylor replied. Dkt. 54.

Rule 702 of the Federal Rules of Evidence permits witnesses qualified as experts by "knowledge, skill, experience, training, or education" to testify "in the form of an opinion or otherwise" about "scientific, technical, or other specialized knowledge" if the knowledge will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The expert's testimony must be "based on sufficient facts or data" and "the product of reliable principles and methods." *Id*. Furthermore, the expert must apply these "principles and methods reliably to the facts of the case." *Id*. In addition, under Rule 26(a)(2), expert witnesses must provide a written report containing:

> a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). But witnesses who are not required to provide a written expert report must still provide a disclosure statement stating "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii).

1       Here, Taylor argues that Paynter should be struck as an expert witness because

2 VanGesen failed to provide a written report as required by Rule 26(a)(2)(B). Dkt. 49.

3 And rather than filing a motion to extend the disclosure deadline, VanGesen argues that

4 Paynter is not an expert witness and thus does not need to file an expert report. Dkt. 51 at

5 2–3. VanGesen states that he intends to offer Paynter's testimony "to help the jury better

6 understand the safety issues law enforcement face and the decision-making required as a

7 result." *Id.* at 3. However, that type of testimony is exactly what is contemplated by Rule

8 702 of the Federal Rules of Evidence: "A witness who is qualified as an expert . . . may

9 testify in the form of an opinion or otherwise if the expert's scientific, technical or

10 otherwise specialized knowledge will help the trier of fact to understand the evidence[.]"

11 Fed. R. Evid. 702(a). The Court therefore finds that Paynter is being offered as an expert.

12       Consequently, because Paynter is an expert witness, VanGesen must comply with

13 the procedures found in Rule 26(a)(2). While VanGesen has disclosed Paynter's identity,

14 Dkt. 45, he has not provided a written report, *see* Fed. R. Civ. P 26(a)(2)(B), or in the

15 alternative disclosed the subject matter on which Paynter will testify and the summary of

16 facts and opinions to which Paynter will testify, *see* Fed. R. Civ. P 26(a)(2)(C).

17 VanGesen has failed to comply with the requirements of Rule 26 and thus may not use

18 Paynter as an expert witness at trial unless VanGesen is able and permitted to comply

19 with Rule 26(a)(2) and other civil rules of procedure.

1      Therefore, it is hereby **ORDERED** that Taylor's motion to strike Jeffrey C.

2 Paynter as an expert witness, Dkt. 49, is **GRANTED**.

3      Dated this 24th day of September, 2020.

*[Signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4